IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTIS RAY GLENN,<br>        Plaintiff(s),<br>vs.<br>JOSEPH McGRATH, et al.,<br>        Defendant(s). | No. C 08-3908 CRB (PR)<br>ORDER OF DISMISSAL<br>(Doc # 3) |

Plaintiff, a prisoner at Salinas Valley State Prison (SVSP), has filed a pro se complaint for damages under 42 U.S.C. § 1983 alleging denial of due process in connection with the administrative review of a 2002 rules violation report and finding he received while at Pelican Bay State Prison (PBSP).

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b).  Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.     Legal Claims

Plaintiff alleges that California Department of Corrections and Rehabilitation (CDCR) and PBSP officials denied him due process in connection with the administrative review of a 2002 rules violation report and finding because the officials failed to acknowledge and consider at all levels of administrative review that plaintiff had made a statement in his defense at the underlying disciplinary hearing. In a nutshell, plaintiff claims that the administrative review of the rules violation report and finding was a sham.

It is well established that there is no constitutional right to a prison administrative appeal or review system, see Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), and that a state's creation of a prison administrative appeal or review system does not implicate a liberty interest protected by the Due Process Clause, see Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (same). Plaintiff's allegations regarding CDCR and PBSP officials improper administrative review of his 2002 rules violation report and finding fail to state a claim under § 1983 and are dismissed. See id.

Plaintiff may have challenged the rules violation report and finding on due process grounds if the disciplinary board's actual rules violation finding was not supported by some evidence. But any such challenge to the disciplinary board's 2002 rules violation finding is now time-barred by the relevant two-year statute of limitation. See Cal. Civ. Proc. Code § 335.1.

**CONCLUSION**

For the foregoing reasons, the complaint is DISMISSED for failure to state a claim under the authority of 28 U.S.C. § 1915A(b).

The clerk shall enter judgment in accordance with this order, terminate all pending motions (<u>see, e.g.</u>, doc # 3) as moot and close the file.

SO ORDERED.

DATED: <u>Dec. 15, 2008</u>

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.08\Glenn,O1.dismissal.wpd